## Abolishment of Livermore School District

*Carson & Carson*, for Livermore School District.

*Joseph M. Loughran*, for Derry Township School District.

*Herbert B. Cohen, Attorney General*, for Commonwealth.

BAUER, J., April 12, 1956.—The facts involved in this proceeding are simple and uncontradicted. The total area of the Borough of Livermore, in this county, was taken by the United States Government for a reservoir for flood control purposes. Thus there was eliminated all the residences of the district and all taxable property. As a consequence, the School District of the Borough of Livermore disappeared from the school system. The school sessions in this district ended with the end of the school term of 1949-1950, to wit, on the first Monday of July 1950.

The then board of school directors are the only remaining officers and since there are now no voters in the district there can be no others elected to succeed

them. This school board on May 1, 1950, passed a resolution abolishing the school district. This action was approved by the State Council of Education at a regular meeting on September 9, 1955. The present petition requests the court to also approve this action by the School Board of Livermore Borough.

In view of the fact that there is absolutely no provision in the Public School Code covering the situation where a school district is abolished by reason of the fact that the entire territory of the school district is taken over by the United States Government and there are no residents or taxable land left in its former boundaries, and in view of the fact that the School Board of Livermore Borough passed a resolution abolishing the school district and this action was approved by the State Council of Education, the court will also add its approval in order to confirm as far as possible the action of the local school board.

The petition filed by the remaining school directors states that there is due the School District of Livermore Borough, the sum of $3,009.09, now corrected to $3,014.35, from the Commonwealth as an appropriation for the year 1950-1951. This fund was properly withheld by the Department of Public Instruction because there was no school functioning during that time. This appropriation has been cancelled under sections 2551 and 2552 of the Public School Code of March 10, 1949, P. L. 30, and there is no money due the School District of Livermore Borough by reason of this appropriation. For this reason, and since none of these funds are in the hands of the school district, the court will make no order concerning them.

The only remaining asset in the name of the School District of Livermore Borough is $3,165.24, on deposit in the First National Bank of Blairsville, Blairsville. The sole dispute in this case is who is entitled to this money. It is claimed by the Commonwealth, and also

by Derry Township School District. Derry Township School District claims this fund by reason of the fact that in 1911 the School District of Livermore Borough was created by the incorporation of Livermore Borough out of part of Derry Township. The Commonwealth claims this fund by escheat as property without a rightful or lawful owner. The court is of the opinion that this fund must be paid to the Commonwealth, as demanded, under the Act of July 29, 1953, P. L. 986, sec. 1(d), 27 PS §333. There is nothing in the Public School Code which covers the present situation as this is not a merger or union of two school districts nor an annexation of this school district by Derry Township. Derry Township has taken no action whatever in reference to this matter, and has done nothing upon which it could have been held responsible for any of the debts, obligations or liabilities of Livermore Borough School District and by the same token Derry Township School District is not entitled to the assets.

It also appears that there is in the hands of Leonard B. Keck, Controller of Westmoreland County, the sum of $13.23 which shall be escheated to the Commonwealth of Pennsylvania. This being a check that has never been cashed by the school district and the money still remains in the hands of the said county controller.

Therefore, the court will make an order awarding this property to the Commonwealth by escheat.

### Decree

And now, April 12, 1956, the above matter having been submitted on briefs and upon due consideration thereof, it is ordered, adjudged and decreed that the resolution of the School Board of the School District of the Borough of Livermore, adopted May 1, 1950, abolishing said school district is hereby approved and confirmed, and,

It is further ordered and decreed that the funds

in the amount of $3,165.24, on deposit in the First National Bank of Blairsville, Blairsville, in the name of the School District of Livermore Borough, shall be paid as follows:

To Carson and Carson, Attorneys......... $374.50
As attorneys fees and expenses in this matter.

Leo Sukala, Prothonotary, costs in the amount of .............................. 18.50

To George H. Morford, for expenses and witness fees ........................... 20.00

To William Citeroni, for expenses and witness fees .............................. 20.00

And the balance, to wit, $2,732.24, to the Commonwealth of Pennsylvania, Department of Revenue by escheat, and,

It is further ordered and decreed that this order shall be sufficient authority to the First National Bank of Blairsville, to accept the checks of the School District of the Borough of Livermore, by Glenn Bolen, Treasurer, for the payment of the above distribution.

It is further ordered, adjudged and decreed that Leonard B. Keck, Controller of Westmoreland County, shall pay by check to the Commonwealth of Pennsylvania, Department of Revenue, by escheat the sum of $13.23.