Mixer, Inc., Appellant, *v.* Smith, et al.

274

Argued March 19, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Jerold S. Berschler,* with him *Paul R. Rosen,* for appellant.

*Joseph Lurie,* for appellee.

OPINION BY CERCONE, J., June 21, 1974:

Plaintiff, Mixer, Inc., commenced this suit on September 13, 1973, by filing a complaint in assumpsit against several individual and corporate defendants including Select Associates, an appellee herein. Shortly thereafter Select filed preliminary objections to the complaint citing the arbitration clause in the contract as a bar to the lower court's exercising jurisdiction. The court sustained the preliminary objections and dismissed the complaint as to Select.

The plaintiff also petitioned the court for writs of foreign attachment against two unregistered California corporations, Parliament News, Inc. and All American Distributing Co., both of which did business in Pennsylvania and allegedly were indebted to one or more of the defendants. Unable to achieve service on the corporations in Pennsylvania, the court at the plaintiff's request employed the provisions of the Act of November 15, 1972, P. L. 1063, No. 271, 42 Pa. S. §§8302, 8307 (Supp. 1974),[1] and directed the sheriff to serve the

---

[1] The act provides, in pertinent part:

"§8302. Nonqualified foreign corporations.

"(a) General rule.—Any foreign corporation which shall have done any business in this Commonwealth without procuring a certificate of authority to do so from the Department of State as required by statute, shall be conclusively presumed to have designated the Department of State as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising within this Commonwealth. Service of process shall be made in the manner provided by §8307 of this title (relating to procedure for service of process).

"§8307. Procedure for service of process.

"Process directed to persons under this chapter shall be served, by the officer to whom such process shall be directed, upon the Department of State, by sending by registered or certified mail, postage prepaid, a true and attested copy of such process, with the fee required by law, and by sending to the defendant, by registered or certified mail, postage prepaid, a true and attested copy thereof,

Secretary of the Commonwealth as attorney for the corporations. The California corporate garnishees thereafter argued that the garnishment should be dissolved because venue was improper in Philadelphia County. The court also sustained that objection and dissolved the garnishment. From these two adverse determinations of the court below, the plaintiff has appealed.

## I.

The plaintiff first argues that the lower court erred when it sustained Select's jurisdictional objection based on the arbitration clause in the contract. While such clauses are statutorily favored,[2] we agree with the plaintiff that a long line of Pennsylvania case law holds that arbitration clauses, nevertheless, do not affect the jurisdiction of the courts in Pennsylvania.

In the leading case of *Central Contracting Co. v. C. E. Youngdahl & Co.*, 418 Pa. 122 (1965), the court was confronted with a contract in which the parties agreed to arbitrate disputes arising thereunder. The court, having noted that parties "cannot change by contract the rules of jurisdiction or venue embodied in the various laws of this Commonwealth," concluded that "an arbitration provision in a contract—irrespective of

---

with an endorsement thereon of the service upon the Department of State, addressed to such defendant at his last known address. . . ."

[2] The Act of April 25, 1927, P. L. 381, No. 248, §1, Pa. Stat. Ann. tit. 5, §161 provides: "A provision in any written contract, except a contract for personal services, to settle by arbitration a controversy thereafter arising out of such contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

whether it is common law or statutory arbitration—does not affect the jurisdiction of the lower court." *Id.* at 133, 135. See also *University Sq. No. 1, Inc. v. Marhoefer,* 407 Pa. 257, 259-60 (1962). As the Supreme Court has stated and restated: "[E]ven though a plaintiff have no standing to bring his action, even though his complaint be demurrable, even though he fail to establish its allegations, even though the court should finally conclude that the relief he seeks should not be granted, not any or all of these circumstances would enter into, much less determine, the question of jurisdiction of the litigation." *Zerbe Twp. School Dist. v. Thomas,* 353 Pa. 162, 165 (1945). See also *Studio Theaters, Inc. v. Washington,* 418 Pa. 73 (1965); *University Sq. No. 1, Inc. v. Marhoefer,* supra; *Witney v. Lebanon City,* 369 Pa. 308 (1952).

We therefore find that the lower court erred in dismissing the complaint with respect to Select Associates, and we will reverse that order. "But how the lower court should give effect to the arbitration clause of the contract is a separate matter," upon which the lower court may pass when we remand. *Central Contracting Co. v. C. E. Youngdahl & Co.,* 418 Pa. at 135.

## II.

The court was on firmer ground when it dissolved the writ of foreign attachment with respect to Parliament News, Inc. and All American Distributing Co. The venue rule here in question, Pa. R. C. P. 1254, requires that the plaintiff originate its attachment proceeding "in and only in a county *in which* . . . a garnishee may be served."[3] The plaintiff argues that that

---

[3] "Rule 1254. Venue.

"(a) An attachment against personal property of the defendant may be issued in and only in a county in which

"(1) the property is located, or

phrase should be read to mean "a county *by which* the *garnishee may be served.*" The plaintiff is arguing, therefore, that any county which could serve the garnishees, if they were defendants in an assumpsit case, is also a county of proper venue where a writ of foreign attachment is concerned. We disagree.

First, it is instructive to compare the garnishment provision for pending assumpsit actions under Rule 1254, with the rule pertaining to garnishment after a money judgment has been obtained, Pa. R. C. P. 3112. Rule 3112 *expressly* provides that the sheriff of the county where the writ was issued may deputize the sheriff of any other county where service may be had. Furthermore, subsection c of that rule provides that a registered or certified mailing may be used if the other preferred methods listed in Rule 3112 fail. The plaintiff would have us read these provisions into Rule 1254 despite the express limitation that venue thereunder is only proper if the attachment issues "in and only in a county in which . . . a garnishee may be served." If the drafters of Rule 1254 had intended to authorize deputized service, they would have clearly expressed that intention as they did in Rule 3112.[4]

Second, even assuming that the long-arm statute, which authorizes the Secretary of the Commonwealth to receive service for unregistered, out-of-state corporations, may be applied to garnishments, it does not affect the venue question. We still must determine whether, under Rule 1254, venue is proper in Philadelphia when the Secretary is served in Harrisburg. Hence,

---

"(2) a garnishee may be served.

"(b) An attachment against real property of the defendant may be issued in and only in a county in which all or any part of the property is located."

[4] Rule 3122 also permits the garnishee to respond in either the county which issued the writ of attachment or the county in which it was served.

the question is precisely the same as it would be if the garnishees themselves were served in Harrisburg. Service by registered mail is akin to service by deputization; and, both are designed to empower a court in one county to get *in personam* jurisdiction over a person present in another county. Registered mail is simply a more flexible and economical method to achieve that result. In this regard, however, the courts of this Commonwealth and the commentators are of one mind—if a rule limits venue to a "county in which the garnishee (or defendant) may be served," it does not authorize deputized service. See *Abolishment of Livermore School Dist.,* 7 Pa. D. & C. 2d 154 (1955); *Kepner v. Pennsylvania Threshermen Farmers' Mut. Cas Co.,* 70 Pa. D. & C. 398 (1949); *National Foundry Co. v. Wilkoff Co.,* 27 Dist. Rep. 329 (1917); 1 Goodrich-Amram §§1006(a)-1, 1254-1 (1962); 2 Anderson, Pennsylvania Practice, Rule 1006.1 (1960); I Standard Pennsylvania Practice 701 (Rev. Ed. 1960). See also *Dunn v. Printing Corp. of America,* 245 F. Supp. 875 (E.D. Pa. 1965).

Prior to the 1967 and 1969 Amendments, Rule 1006 (a) read as follows: "Except as otherwise provided . . . an action against an individual may be brought in and only in a county in which he may be served." In interpreting that venue rule for assumpsit actions, the courts uniformly found deputized service to be insufficient.[5] There is no reason to deviate from that well-entrenched and wise interpretation now, especially when service is sought on a garnishee, often merely an innocent stakeholder who should not be unnecessarily inconvenienced. If the plaintiff reduces his claim to judgment, he may then employ the broader attachment provisions under Rule 3112, discussed above. Since deputized service would clearly be improper under Rule

---

[5] In addition to the authority cited above, see especially 1 Goodrich-Amram §1006(a)-1, n. 4 (1962).

1254, a fortiori, service by registered or certified mail is improper.

We therefore affirm the order of the lower court dissolving the attachment against the two California corporations, Parliament News, Inc. and All American Distributing Co.

The case is remanded for further proceedings consistent with this opinion.