389 A.2d 649

**CHELWYN ASSOCIATES**

v.

**Harold B. LUPOWITZ, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 10, 1976.

Decided July 12, 1978.

Wilbur Greenberg, with him Sidkoff, Pincus & Greenberg, Philadelphia, for appellant.

Michael H. Egnal, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This is an appeal from the lower court's denial of appellant's motion to dismiss the proceedings below and to dissolve a preliminary injunction for lack of jurisdiction. We affirm for the reasons stated herein.

Appellant and one P. Bertram Linn executed a written partnership agreement on November 9, 1965, for the purpose of constructing and operating an apartment complex known as Oak Summit Apartments. The partnership was to be known as Chelwyn Associates. On July 17, 1968, the partnership agreement was amended by a second written agreement whereby Linn resigned from Chelwyn and was replaced by five other individuals. On that same day, an agency agreement was executed wherein Chelwyn employed appellant as its agent to manage the apartment complex.

On May 26, 1976, Chelwyn terminated appellant's employment and asserted that he was not serving adequately in his position of managing agent. Chelwyn also initiated a suit in equity to enjoin appellant from "interfering, meddling or acting in any matters of any kind whatsoever, having to do with the conduct, operation and management of Oak Summit Apartments." A preliminary injunction was entered on May 28, 1976. At a hearing to determine the appropriateness of continuing the injunction, appellant moved to dissolve the preliminary injunction and to dismiss further proceedings for lack of jurisdiction. The court denied the motion to dismiss and continued the injunction.

The only issue decided by the lower court in its order and opinion, and consequently the only issue which we will

address, is the matter of jurisdiction. Appellant argues that the court below is without jurisdiction to consider the propriety of his performance under the agency agreement because of a clause contained in the amended partnership agreement which provides:

> "Any dispute or controversy arising under, out of, or in connection with or in relation to, this Agreement, or any of its terms, or any breach thereof, shall be determined and settled by arbitration in Philadelphia, Pennsylvania pursuant to the rules of the American Arbitration Association then in effect. Any award rendered therein shall be final and binding on each and all of the parties and judgment may be entered thereon in any court of competent jurisdiction."

A clause of the management agreement states: "This Agreement is subject to the terms and conditions of the amended Partnership Agreement of Chelwyn Associates dated simultaneously herewith." The thrust of appellant's argument is that by virtue of the quoted clause in the management agreement, the arbitration clause covers the instant dispute. Appellant contends that the lower court is therefore without jurisdiction in the matter, and arbitration is the appellee's sole remedy.

In *University Square No. 1, Inc. v. Marhoefer*, 407 Pa. 257, 180 A.2d 427 (1962), Chief Justice Bell wrote for a unanimous court: "It is clear that an arbitration provision in a contract—irrespective of whether it is common law or statutory arbitration—does not affect the jurisdiction of the lower Court: *Witney v. Lebanon City*, 369 Pa. 308, 85 A.2d 106." *Id.*, 407 Pa. at 259–260, 180 A.2d at 429. The court noted further, citing *Zerbe Township School District v. Thomas*, 353 Pa. 162, 44 A.2d 566 (1945), that:

> "[E]ven though a plaintiff have [sic] no standing to bring his action, even though his complaint be demurrable, even though he fail to establish its allegations, even though the court should finally conclude that the relief he seeks should not be granted, not any or all of these circumstances would enter into, much less determine, the question

whether the court had jurisdiction of the litigation." *Id.* at 260, 180 A.2d at 429.

*See also, Mixer, Inc. v. Smith,* 229 Pa.Super. 273, 323 A.2d 794 (1974).

In *Central Contracting Co. v. C. E. Youngdahl & Co.,* 418 Pa. 122, 133, 209 A.2d 810, 816 (1965), the court reaffirmed the *Zerbe* holding. Parties "cannot change by contract the rules of jurisdiction or venue embodied in the various laws of this Commonwealth." The court also enunciated the "modern and correct rule" that,

> "while private parties may not by contract prevent a court from asserting its jurisdiction or change the rules of venue, nevertheless, a court in which venue is proper and which has jurisdiction should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum where such agreement is not unreasonable at the time of litigation."
> 418 Pa. at 133, 209 A.2d at 816.

Accordingly, we affirm the lower court's denial of the motion to dismiss based upon the court's alleged lack of jurisdiction. The next stage of inquiry will be the interpretation of the contracts to determine if the instant dispute is subject to arbitration. The lower court made some observations on this issue in its opinion, but acknowledged that testimony was not complete and that the sole issue decided by the court and subject to this appeal was jurisdiction. We therefore remand the case for a hearing to determine whether the arbitration clause applies to the instant dispute. If the arbitration clause is held to apply to this controversy, the preliminary injunction is to be dissolved and matters are to be stayed pending the outcome of arbitration. If the arbitration clause is held not to apply, the lower court is to proceed to a final determination on the merits.

The order is affirmed and the case is remanded for further proceedings consistent with this opinion.

VAN der VOORT, J., concurs in the result.

WATKINS, former President Judge, and HOFFMAN and SPAETH, JJ., did not participate in the consideration or decision of this case.