CAMDEN SECURITIES COMPANY, a corporation, Arthur C. Fatt, Samuel C. Cohn and Aaron Heine

v.

Harold B. LUPOWITZ.

Civ. A. No. 78–3742.

United States District Court, E. D. Pennsylvania.

Oct. 24, 1980.

Michael H. Egnal, Egnal & Egnal, P.A., Philadelphia, Pa., for plaintiffs.

Wilbur Greenberg, Sidkoff, Pincus, Greenberg & Green, P.C., Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The defendant, Harold Lupowitz, has filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(7) on the ground that the plaintiffs have failed to join an indispensable party–the partnership of which all of the parties are members. The defendant has also moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that the issues raised in the complaint are within the scope of the arbitration clause contained in the partnership agreement between the parties. For the reasons hereinafter set forth, the defendant's motion will be granted on the ground that the partnership is an indispensable party and its joinder would destroy diversity.

The complaint alleges that the plaintiffs and the defendant are the members of a partnership named Chelwyn Associates. It is undisputed that plaintiff Camden Securities Company is a citizen of New Jersey, that plaintiffs Arthur Fatt and Samuel Cohn are citizens of New York, that plaintiff Aaron Heine is a citizen of Pennsylvania, and that defendant Harold Lupowitz is a citizen of Florida and holds a 37.5% interest in the partnership. The complaint further alleges that the partnership owns the Oak Summit Apartments in Glenside, Montgomery County, Pennsylvania, and that during the course of its construction, the defendant dismissed the architect and undertook in his individual capacity the design, planning, and supervision of the construction of the Oak Summit Apartments. The plaintiffs claim that the defendant performed these duties negligently, and that as a result the partnership has been obligated to spend and will have to spend in excess of $640,000.00 to repair the defects in the design, planning, and construction. The Oak Summit Apartments are the sole asset of the partnership.

The parties in their briefs point out that there have been three previous legal actions. In May of 1976, the partnership filed a complaint in equity against the defendant in the Court of Common Pleas of Philadelphia, Pennsylvania seeking a preliminary injunction to prevent the defendant from proceeding under an agreement which he had with the partnership to manage the Oak Summit Apartments. The court of common pleas entered the injunction. The defendant appealed on the ground that the lower court lacked jurisdiction to enter the injunction, and on appeal the Superior Court upheld the jurisdiction of the lower court but remanded the case for a hearing to determine whether the arbitration clause in the partnership agreement was applicable to the dispute. *Chelwyn Associates v. Lupowitz*, 256 Pa.Super. 159, 389 A.2d 649 (1978). The Superior Court stated:

> If the arbitration clause is held to apply to this controversy, the preliminary injunction is to be dissolved and matters are to be stayed pending the outcome of arbitration. If the arbitration clause is held not to apply, the lower court is to proceed to a final determination on the merits. *Id.* 389 A.2d at 651.

While the above litigation was pending in the state court, the defendant filed his own action in this court against all of the plaintiffs in the present action. He alleged an unlawful appropriation of partnership assets in connection with the Oak Summit Apartments, and asked for an accounting and damages as well as the appointment of a receiver and dissolution of the partnership. Judge McGlynn granted a motion to dismiss on the ground that the dispute should be submitted to arbitration in accordance with the arbitration clause in the partnership agreement. *Lupowitz v. Heine*, C.A. No. 76–2437 (E.D.Pa. Oct. 8, 1976). Our Third Circuit affirmed Judge McGlynn's decision. *Lupowitz v. Heine*, 562 F.2d 42 (3d Cir. 1977).

The third action was filed in April of 1978 against the defendant by Camden Securities Company, one of the partners, in the United States District Court for the District of New Jersey, C.A. No. 78–815. On October 4, 1978, the complaint was dismissed without prejudice.

As previously stated, the defendant contends that the partnership, Chelwyn Associates, is an indispensable party to this action under Fed.R.Civ.P. 19. Rule 19(a) provides for the joinder of a party if:

> (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest....

Rule 19(b), however, provides that if the joinder of a party described in Rule 19(a) would divest the court of subject matter jurisdiction, the court must determine:

whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

With respect to Rule 19(a), we conclude that the partnership has satisfied the requirements of Rule 19(a)(1) because complete relief cannot be accorded among those already parties in the absence of the partnership. The Oak Summit Apartments are the sole asset and business concern of the partnership, and the defendant is a partner with a 37.5% interest in the partnership. In addition, the complaint alleges that the partnership has been obligated to expend and will be obligated to spend in excess of $640,000.00 in order to remedy the deficiencies and defects in the design, planning, and supervision of the construction of the Oak Summit Apartments as a result of the defendant's carelessness and negligence. It is apparent from the face of the complaint that it is the partnership that was damaged by the defendant's negligence, and complete relief cannot be granted without making the partnership a party of record.

■ Although the partnership should be joined in this action pursuant to Rule 19(a)(1), its joinder would divest this court of subject matter jurisdiction because a partnership, for diversity purposes, is a citizen of each state of which a partner is a citizen. *Carlsberg Resources Corp. v. Cambria Savings and Loan Association*, 554 F.2d 1254 (3d Cir. 1977). We must therefore consider the four factors listed in Rule 19(b) and determine whether this case should proceed without the partnership or be dismissed on the basis that the partnership is an indispensable party.

■ The first factor listed in Rule 19(b) is the extent to which a judgment rendered in the partnership's absence might be prejudicial to it or the other parties. As previously stated in connection with our discussion of Rule 19(a), it is the partnership property which has been allegedly injured and the partnership that has paid for the repairs to the Oak Summit Apartments. If the defendant, who holds a 37.5% interest in the partnership, was negligent, it is the partnership that is entitled to recover. If we proceeded with the trial of this action without the partnership as a party and the defendant were found negligent by the factfinder, it would be impossible to formulate a verdict and judgment because we could not ascertain the exact amount of the defendant's financial obligation to the partnership or the amount that the plaintiffs would be entitled to receive from the partnership. This is particularly true where, as here, the sole asset of the partnership is the Oak Summit Apartments. In other words, a judgment entered in the name of the plaintiffs and not the partnership would fail to take into account the question of the partners' contribution to capital, the receipts and expenditures of the partnership, the sums drawn from partnership funds by the plaintiffs and defendant, and such other matters as may enter into the determination of the amount, if any, due from the defendant partner to the plaintiff partners. The first factor listed in Rule 19(b) therefore favors dismissal of the action.

■ The second factor listed in Rule 19(b) is the extent to which the prejudice of a judgment rendered in a party's absence can be lessened or avoided by protective provisions in the judgment, and the third factor is a consideration of the adequacy of a judgment rendered in a party's absence. For the reasons set forth in our discussion of Rule 19(a) and the first factor of Rule 19(b), we conclude that a judgment in the name of the four plaintiffs would not be adequate and the prejudice of such a judgment to the partnership could not be less-

ened by the insertion of protective provisions in the judgment. The last factor listed in Rule 19(b) is whether the plaintiffs will have an adequate remedy if the action is dismissed for nonjoinder. This factor also militates in favor of dismissal because there is currently an action pending in state court between the partnership and the defendant, and the Superior Court has instructed the lower court to determine the applicability of the arbitration clause in the partnership agreement to the partners' dispute. We therefore conclude, pursuant to Rule 19(b), that the partnership is an indispensable party to this action and that the action should be dismissed.

The defendant also claims that the complaint should be dismissed on the ground that the dispute alleged in the complaint comes within the scope of the arbitration clause contained in the partnership agreement. Section 1003 of the partnership agreement provides:

Any dispute or controversy arising under, out of, or in connection with or in relation to, this Agreement, or any of its terms, or any breach thereof, shall be determined and settled by arbitration in Philadelphia, Pennsylvania pursuant to the rules of the American Arbitration Association then in effect.

On the basis of the allegations in the complaint, this court is without sufficient facts to determine whether this "transaction involv[es] commerce," as that term is used in the federal arbitration act, 9 U.S.C.A. § 1 *et seq.*, or whether the Pennsylvania law of arbitration should be applied. However, regardless of whether the federal arbitration act is applicable or whether the Pennsylvania arbitration law should be applied, it does appear from the complaint that this is essentially a dispute and controversy between the partners which should be determined by arbitration. Therefore, even if we had determined that the partnership was not an indispensable party, this action would nevertheless be "stayed" pending arbitration or "dismissed" in accordance with *Lupowitz v. Heine*, C.A. No. 76–2437 (E.D.Pa. Oct. 8, 1976), *aff'd mem.*, 562 F.2d 42 (3d Cir. 1977).

For the reasons hereinabove set forth, the defendant's motion to dismiss will be granted on the ground that the partnership is an indispensable party whose joinder would destroy diversity, and an appropriate order will be entered.