## Pizzi v. Nissan Motors Corporation

*John C. Peterson,* for plaintiff.
*George J. Lavin, Jr.,* for defendant.

BAYLEY, *J.,* April 30, 1985—Plaintiff Michael Pizzi alleges in his complaint that he purchased a vehicle on December 23, 1983, from defendant Model Motors, Inc. This vehicle was manufactured by defendant Nissan Motors Corporation.

The complaint avers that the vehicle was defective and plaintiff revoked his acceptance by returning it to Model Motors on June 17, 1984. The complaint demands damages under the Magnuson-Moss Warranty Act for alleged breach of express and implied warranties, and the Uniform Commercial Code.*

Defendant's demurrer alleges that plaintiff has not stated a cause of action because the complaint does not aver satisfaction of a condition precedent of his participation in Nissan Motors Autoline dispute-resolution program.

Plaintiff has averred a cause of action for breach of warranty and attached a copy of Nissan's warran-

---

* 15 U.S.C. §2310(d)(l) and 13 Pa.C.S. §1101 et seq.

ty to the complaint. The warranty provision clearly requires that the owner must participate in the Autoline program before seeking any remedies under the Magnuson-Moss Warranty Act or state law:

"You must FIRST use this complaint-resolution system prior to seeking remedies under Magnuson-Moss Warranty Act and/or any applicable state laws. However, you may have other rights and remedies available to you under state and federal laws that do not require you to first use this system."

The Magnuson-Moss Warranty Act provides:

"One or more warrantors may establish an informal dispute settlement procedure which meets the requirements of the commission's rules under paragraph (2). If—

"(a) A warrantor establishes such a procedure,

(b) Such procedure, and its implementation, meets the requirements of such rules, and

(c) he incorporates in a written warranty a requirement that the consumer resort to such procedure before pursuing any legal remedy under this section respecting such warranty, then

(i) *the consumer may not commence a civil action other than a class action under subsection (d) of this section unless he initially resorts to such procedure . . .*" (Emphasis added.) 15 U.S.C. §2310(a)(3).

As to the causes of action under the Uniform Commercial Code, Pennsylvania law allows for the enforcement of arbitration provisions. The Judicial Code at 42 Pa.C.S. §7303, provides:

"A written agreement to subject any existing controversy to arbitration or a provision in a written agreement to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds

as exist at law or in equity relating to the validity, enforceability or revocation of any contract."

The Autoline program is a form of arbitration. An arbitration clause in a contract does not prevent a court from asserting its jurisdiction nor does it change the rules of venue. Central Contracting Company v. C. E. Youngdahl & Company, 418 Pa. 122, 209 A.2d 810 (1965). If we determine that an arbitration clause is applicable, and that those proceedings have not been undertaken, the correct procedure is to stay the suit pending the outcome of arbitration. Chelwyn Associates v. Lupowitz, 256 Pa. Super. 159, 389 A.2d 649 (1978).

Plaintiff's complaint does not aver that the Autoline complaint-resolution system provided for in the written warranty has been utilized. Nor does the complaint aver any defense to the nonutilization of the system. In Gekas v. Shapp, 469 Pa. 1, 364 A.2d 691 (1976), the Supreme Court noted:

"In order to sustain the demurrer, it is essential that the plaintiff's complaint indicate on its face that his claim cannot be sustained, and the law will not permit recovery."

Plaintiff has filed an answer to defendant's preliminary objections setting forth what he claims is justification for not utilizing the Autoline program. He has also filed supporting affidavits. We cannot consider these documents when ruling on a demurrer. Accordingly, the following order is entered.

## ORDER OF COURT

And now, this April 30, 1985, it is ordered that:

1. Defendant's preliminary objection in the form of a demurrer to plaintiff's complaint, is denied:

2. Plaintiff may within 20 days of this date file an amended complaint;

3. If no amended complaint is filed within 20 days of this date all proceedings are stayed until the Autoline procedures set forth in the Nissan Motors Corporation's warranty, attached as Exhibit "B" to plaintiff's complaint, are completed.