## Danella Environmental Technologies Inc. v. V.J. Auto Service Inc.

*James P. Cousounis*, for plaintiff.
*Robert C. McFadden*, for defendant.

DAVENPORT, *S.J.*, September 27, 1990 — Petitioner appeals from this court's order of June 13, 1990, sustaining preliminary objections of the respondents, V.J. Auto Service Inc., Mason Art Furniture Mfg. Inc. and Heimbach's Auto Body Inc., ordering that these cases be transferred to Lehigh County.

### BACKGROUND

The relevant facts for purpose of this appeal are as follows. Petitioner, Danella Environmental Technologies Inc., is a Pennsylvania corporation, whose

principal place of business is at 2290 Butler Pike, Plymouth Meeting, Pa.

Respondent V.J. Auto Service Inc. is a Pennsylvania corporation, whose principal place of business is at 645 W. Union Street, Allentown, Pa. Danella entered into a written service agreement with V.J. Auto on February 22, 1990 to collect waste generated by V.J. Auto. The agreement was to begin on March 1, 1990 and end on February 28, 1992. On February 23, 1990 V.J. Auto canceled the agreement. On March 13, 1990 counsel for Danella sent a letter to V.J. Auto requesting a retraction within 10 days, no such retraction was made and Danella instituted a cause of action against V.J. Auto on April 20, 1990.

Respondent Mason Art Furniture Mfg. is a Pennsylvania corporation which maintains its principal place of business at 616 Union Boulevard, Allentown, Pa. On January 31, 1990 petitioner, Danella, entered into a written service agreement to collect the waste generated by Mason Art at its service location. The agreement was to begin on February 1, 1990 and end on January 31, 2000. On February 2, 1990, Mason Art advised petitioner Danella that they were terminating the agreement and that Danella should remove its containers from the property. On February 22, 1990, counsel for Danella sent a letter requesting a retraction within 10 days, no such retraction was made and Danella instituted an action against Mason Art on April 20, 1990.

Respondent Heimbach's Auto Body Inc. is a Pennsylvania corporation with its principal place of business located at 105 Walnut Street, Allentown, Pa. Petitioner Danella entered into a written service agreement with Heimbach on January 29, 1990 to collect waste generated by Heimbach at its service location. The agreement was to begin on February

1, 1990 and end on January 31, 1992. On February 2, 1990 Heimbach sent a letter to Danella (Hinkle Hauling) terminating its service agreement. On February 22, 1990 Danella sent a letter to Heimbach requesting a retraction within 10 days, no such retraction was made and Danella instituted a cause of action against Heimbach on April 20, 1990.

Respondents, V.J. Auto, Mason Art and Heimbach, filed preliminary objections requesting that the case be transferred to Lehigh County because of improper venue in Montgomery County. Petitioner Danella objects to respondents' request for transfer contending that under the terms of the service agreement the respondents agreed that any action arising out of the agreement or any transaction contemplated by the service agreement shall be brought in the Court of Common Pleas of Montgomery County. The undersigned sustained respondents preliminary objections by order dated June 13, 1990, transferring the cases to Lehigh County. Petitioner now appeals.

## ISSUES RAISED

Petitioner raises the following issues on appeal.

(1) The court committed an error of law in transferring to Lehigh County this action involving parties who made an agreement selecting this court as the forum for any dispute involving their agreement, and

(2) The court committed an error of law in transferring to Lehigh County this action involving a claim for damages by a Montgomery County-based corporation for repudiation of any agreement providing for the Lehigh corporations' payment for services rendered.

## DISCUSSION

Petitioner contends that the court erred in transferring this action involving parties who made an agreement selecting this court as the forum for any dispute involving their agreement. Title 42 Pa.C.S., Pa.R.C.P. 2179 (Venue) provides that a personal action against a corporation may be brought in and only in:

"(1) the county where its registered office or principal place of business is located,

"(2) a county where it regularly conducts business,

"(3) the county where the cause of action arose, or

"(4) a county where a transaction or occurrence took place out of which the cause of action arose."

We must apply the above rule to the cases here. In the instant cases, all three respondents' registered office or principal place of business is located in Lehigh County as opposed to Montgomery County. Respondents regularly conduct business in Lehigh County, not Montgomery County. Further, the cause of action arose in Lehigh County and not in Montgomery County. And finally, respondents do not and have not conducted any business in Montgomery County. As such, venue is proper in Lehigh County.

Moreover, generally, private parties cannot change by contract the rules of jurisdiction or venue embodied in the various laws of the Commonwwealth. *Central Contracting Company v. C.E. Youngdahl and Company Inc.*, 418 Pa. 122, 209 A.2d 810 (1965), and *Chelwyn Associates v. Harold B. Lupowitz*, 256 Pa. Super. 159, 389 A.2d 649 (1978); *Commonwwealth v. Casuccio*, 308 Pa. Super. 450, 454 A.2d 618 (1982).

The court in *Central Contracting Company v. Youngdahl and Company Inc., supra,* expounded on this general rule by stating that, while private parties may not by contract prevent a court from asserting its jurisdiction or change the rules of venue, nevertheless, a court in which venue is proper and which has jurisdiction should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation. *Youngdahl and Co. Inc., supra* at 133, 209 A.2d at 816.

Applying the above case law to the instant case, the undersigned found that the agreement as to venue is unreasonable for the following reasons. In the instant case all three respondents are located in Lehigh County, whereas petitioner is the only party in Montgomery County. As such it would be more convenient for one party to come to Lehigh County· where all three respondents are located. As such, the agreement is unreasonable at the time of litigation and venue is improper in Montgomery County and the case should be transferred to Lehigh County, the proper forum.

Petitioner further contends that the court committed an error of law in transferring to Lehigh County this action involving a claim for damages by a Montgomery County-based corporation for repudiation of an agreement providing for the Lehigh corporation's payment for services rendered.

The undersigned has already discussed the issue of venue above. As to the repudiation of the agreement and payment for services rendered, these are legal conclusions, which will be addressed at trial. This court is addressing the issue of venue.

## CONCLUSION

For the foregoing reasons, this court concludes that the undersigned did not commit error in sustaining respondents' preliminary objections, transferring these cases to Lehigh County and said order should be affirmed.