## Stone *v.* New Schiller B. & L. Assn. et al.

Argued September 29, 1932.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*Paul G. Collins,* with him *Robert Ruane, C. B. Comegys, Walter W. Harris, J. Julius Levy, Rudolph Houck, George L. Peck, D. L. Fickes, T. A. Donahue* and *M. J. Martin,* for appellant.—The court of equity is without jurisdiction in this suit.

The claim of the receiver is barred by the statute of limitation and by laches: Rist's Est., 192 Pa. 24; Bruner v. Finley, 187 Pa. 389; McGram v. Allen, 291 Pa. 574; Rhodes v. Good, 271 Pa. 117; Stevens v. R. R., 278 Pa. 284.

*William A. Skinner,* with him *Jerome I. Myers* and *C. B. & J. H. Price,* for appellee.—The order dismissing the objections to the bill was interlocutory, from which

no appeal lies: Arnold v. Plow Co., 212 Pa. 303; Miller Paper Co. v. Coal & Coke Co., 275 Pa. 40.

The Act of 1925 cannot be invoked to challenge preliminarily the right of a plaintiff to proceed in equity, this question being one of form of action and not cause of action: Rutherford Water Co. v. Harrisburg, 297 Pa. 33; Fidelity-Phila. Traction Co. v. Berkin, 299 Pa. 196.

When equity has assumed jurisdiction, it will dispose of the entire controversy between the parties, so as to prevent unnecessary litigation: Wally v. Wally, 286 Pa. 413.

OPINION BY MR. JUSTICE KEPHART, November 28, 1932:

This is the third appeal in this case. The first is reported in Stone v. New Schiller B. & L. Assn., 293 Pa. 161, and the second in Stone v. Schiller B. & L. Assn., 302 Pa. 544. We will not detail the facts again, but refer interested parties to these reports. When the decree of the court below was reversed in the first appeal the opinion by Mr. Justice SIMPSON distinctly stated that: "In order to avoid a possible misunderstanding, we add that we have not decided the question of plaintiff's alleged laches. Knowing that the association was a serial one, and would, in the ordinary course of business, pay withdrawing and maturing shareholders, it is gravely doubtful whether she could be silent during all the years after she began her suit at law and not pay the penalty for her indifference, at least as respects them, and perhaps, also, as regards the shareholders who continued to pay their dues after she began suit." It will thus be seen that the question of laches was and still is open as regards shareholders who are not officers and directors of the association.

On the second appeal we decided that the directors who were officers and shareholders of the association were not personally liable to appellee, and what was there said as to liability of shareholders related only to the directors who were shareholders at the time. Noth-

ing in that decision was intended to, nor did it foreclose or decide any matter relative to the rights of shareholders who were not then parties to that litigation. As to such shareholders, the defense of laches mentioned by Justice SIMPSON, and that of the statute of limitations, are still open and may be invoked by them. Equity will not lend its aid to enforce a trust where the interested party has delayed for a long time to enforce a right when he had or could have had knowledge of a breach or continued breach adverse to such right or interest. His acts of delay are in the nature of an estoppel: McGrann v. Allen, 291 Pa. 574, 579. These defenses are especially applicable to innocent shareholders who received funds from the association believing the funds to be payment of money honestly due them. Moreover, any shareholder who might be liable, who paid money into the association since the date of insolvency in 1915, can deduct such payments from any sum ordered paid. All this is clear from the opinion. It was stated in the opinion that the defense of the statute of limitations and laches could not be used by the directors who had knowledge of plaintiff's claim. But even then the liability of such directors must be measured by the proportionate receipts of other shareholders during that period, and they or any other shareholder will not be compelled to make good the failure of others to pay.

The present appeal comes from the action of the court below in sustaining pleadings which endeavored to force 400 odd shareholders out of 1,820 shareholders to contribute all the moneys they have received to liquidate plaintiff's claim. As pointed out at the argument, of course this cannot be done, but it is contended that as the order appealed from is interlocutory, we cannot consider the question.

Appellant argues that equity is without jurisdiction, and thus grounds its right to be heard on appeal. It is maintained that there is nothing in the supplemental bill which shows that all the shareholders named stand on

equal footing, but that the contrary is the case and no attempt is made to segregate shareholders in one series from those in another. No attempt has been made to show which shareholders withdrew, or the claims of such shareholders maturing after plaintiff began her action at law, or which shareholders innocently paid their dues after the action began. These are merely objections to the pleadings, and, if true, can be effectively asserted when a hearing is had. Of course members of the same series should be joined together and their liabilities first determined and stated with regard to that series. The lines of different liabilities must be carefully drawn, but these considerations belong to the trial of the cause, they do not reach the fundamental question of jurisdiction.

Since the shareholders were not parties to the first two appeals and many have not been served with a process, their rights cannot be adjudicated until they have been properly served and have their day in court. However, there is no reason why the instant proceeding by supplemental bill should not be used to bring in all shareholders who may be legally liable. This would simplify matters and avoid the necessity of a great multiplicity of suits. Inasmuch as equity had assumed jurisdiction, it was competent to dispose of the entire controversy: Wally v. Wally, 286 Pa. 413, and bringing independent suits would involve such a multiplicity of actions that the remedy at law would be entirely inadequate: Cook v. Carpenter (No. 1), 212 Pa. 165; Kurtz v. Bubeck, 39 Pa. Superior Ct. 370. The supplemental bill was proper.

The Act of March 5, 1925, P. L. 23, cannot be invoked to determine jurisdiction where the question is one of form of action and not cause of action. Under Rutherford Water Co. v. Harrisburg, 297 Pa. 33, such a question must be raised under the Act of June 7, 1907, P. L. 440. Even if the question of jurisdiction could be entertained, there were none of the proceedings under the Act of 1925 which we have held absolutely essential before

it can be relied on. To invoke the Act of 1925 there must be a petition setting forth the facts on which relief is asked, a rule granted, and the preliminary question disposed of by the trial court: Wilson v. Garland, 287 Pa. 291; Stamper v. Kogelschatz, 289 Pa. 94. This action was not taken in the present case. See also Fidelity-Phila. Trust Co. v. Berkin, 299 Pa. 196. The jurisdictional question was raised by a preliminary question filed in the lower court. This is not sufficient.

The question as to the form of pleadings, nature of the liability intended to be enforced, and the lack of averments as to liabilities arising from different series, are all trial matters, and the questions arising thereunder must be disposed of in the litigation. While they may involve many future disputes unless cured, we are unable to decide the matter in an interlocutory decree such as this.

The appeal is quashed. The record is remanded with leave to defendants to file answers or take such action as may be necessary within ninety (90) days after the record has been returned, unless the time be further extended by leave of the court below.