## Versailles Township Annexation Case.

Argued January 13, 1947. Before MAXEY, C. J.,
DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Alexander J. Bielski,* with him *Ray A. Liddle,* for
appellants.

*Harry H. Meizlik,* for appellee.

*John Francis Flynn* filed a brief for amici curiæ.

OPINION BY MR. JUSTICE HORACE STERN, January 28,
1947:

Nothing could be clearer than the provisions of
the Third Class City Law of June 23, 1931, P. L. 932,

Article V, in regard to the annexation to the city of part of a township. According to the procedure outlined in sections 501-505, three-fifths of the taxable inhabitants of the part of the township for which annexation is sought shall present a petition to the council of the city, accompanied with the written consent of a majority in number and interest of property owners therein. Before the circulation or signing of any such petition certain specified notice thereof shall be given by public advertisement. The petition shall be accompanied by a plot or plots of the territory to be annexed, showing all streets and highways, municipal improvements and public buildings. Upon presentation of the petition to the council of the city, together with the required plots, the council may, by ordinance, annex such part of the township to the city. A certified copy of the ordinance, petition and plans [1] shall be filed in the office of the clerk of the court of quarter sessions of the county. The ordinance shall be "finally conclusive" 30 days after the filing of the ordinance, unless an appeal therefrom is meanwhile taken by petition to that court. Where such an appeal is taken the court shall fix a day for hearing the same and notice shall be given to all parties in interest. After such hearing, the court shall decide whether the proceedings are in conformity with the act, making an order or decree dismissing the appeal and approving the annexation, or sustaining the appeal and dismissing the annexation. From any such final order or decree an appeal lies to the Supreme Court. Upon final determination and approval of the annexation ordinance by the court of quarter sessions, or by the Supreme Court, the annexation shall take effect immediately.

After due advertisement made in accordance with the provisions of the act, a petition, signed by the prescribed number of taxable inhabitants and consented

---

[1] By "plans" is presumably meant the "plots" previously referred to.

to in writing by the required number of property owners of a portion of Versailles Township known as Voting District No. 1,[2] was presented to the council of the City of McKeesport for annexation to that city of that part of the township. The council enacted an ordinance establishing the annexation thus requested, and a certified copy of the ordinance, petition and plot was filed in the office of the clerk of the court of quarter sessions of 'Allegheny County. Thereafter a petition to that court was filed by some of the residents of the part of the township in question praying that an appeal be allowed;[3] the court granted the appeal. Then one of those appellants, on behalf of himself and the others, filed a petition in the court pursuant to the Act of March 5, 1925, P. L. 23, asserting that the annexation proceedings were wholly defective, null and void, that therefore the court had no jurisdiction in the matter, and that the proceedings should be dismissed. A rule to show cause was allowed but subsequently discharged, from which action of the court the present appeal was taken.

The question here presented, under the Act of March 5, 1925, P. L. 23, is solely in regard to jurisdiction. Appellants claim that the annexation proceedings were defective because (1) the city clerk in the attestation attached to the ordinance stated that it became effective the third day of September, 1946, which was the date of its passage by the council and also of its filing with the clerk of the quarter sessions court, whereas the Act of 1931, as above stated, provides that such an ordinance should not become effective until 30 days after it was

---

[2] Similar proceedings to those here outlined were taken in regard to the annexation of Voting District No. 4, which is also the subject of a present appeal; that appeal, by stipulation of counsel, is to be governed by the decision in regard to Voting District No. 1.

[3] Such a petition was unnecessary since the appeal is provided for in the statute itself.

filed by the council, or, in the event of an appeal, upon final determination and approval of the ordinance by the court of quarter sessions or by the Supreme Court; (2) the plot which accompanied the petition did not, as required by the statute, show the municipal improvements and public buildings but only the streets and highways, nor any of the courses and distances of the territory to be annexed, and these deficiencies could not be cured by amendment as suggested by the court. The City of McKeesport, on the other hand, contends (1) that the date fixed by the city clerk as the effective date of the ordinance was unimportant because it necessarily gave way to that provided by the statute itself, and (2) that the plot attached to the petition sufficiently complied with the requirements of the act, but, even if lacking in any respect, was susceptible of amendment.

With these respective contentions the present appeal is nowise concerned. A veritable flood of decisions by this court concerning the Act of March 5, 1925, P. L. 23, (see *Zerbe Township School District v. Thomas,* 353 Pa. 162, 4 A. 2d 566, footnotes pp. 165, 166, A. pp. 568, 569, and *Bell Telephone Company of Pennsylvania v. Philadelphia Warwick Company,* 355 Pa. 637, 50 A. 2d 684,) should be sufficient to demonstrate that the court of quarter sessions of Allegheny County did not lack jurisdiction of the annexation proceedings here involved merely because it might decide *after a hearing* (section 505 of the act) that the proceedings were not in conformity with the act and that therefore the appeal should be sustained and the annexation dismissed. That appellants should now contend that the court of quarter sessions was without jurisdiction is the more remarkable in view of the fact (1) that the act expressly provides for an appeal from the annexation ordinance to that court, and (2) that appellants themselves petitioned for, and were allowed, such an appeal, and would now deny the very jurisdiction which they themselves invoked.

Order affirmed at the cost of appellants.