## Versailles Township Annexation Case.
## Eden Park Borough Appeal.

Argued April 16, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Louis Rosenberg,* with him *John R. Bentley,* for appellant.

*Alexander J. Bielski,* with him *Ray A. Liddle,* for appellees.

OPINION BY HIRT, J., July 17, 1947:

This is an appeal by the Borough of Eden Park from an order of the quarter sessions, which set aside an annexation ordinance of the borough and all subsequent proceedings.

The ordinance was enacted by the borough upon petition of freeholders of adjacent territory in Versailles Township in accordance with Article IV, section 425, of the General Borough Act of May 4, 1927, P. L. 519, as amended May 18, 1933, P. L. 818, 53 PS 12461. The ordinance identified the area to be annexed with certainty, in a description of the territory by metes and bounds, or by courses and distances with bearings referred to a common meridian. The ordinance in formal respects complies with the above act and the record does not disclose that it is inadequate in any respect, or that there were irregularities in its adoption. But the borough thereafter failed to comply with mandatory statutory procedure and the ordinance for that reason never became effective as an annexation measure making the territory part of the borough. A certified copy of the ordinance was filed in the Court of Quarter Sessions of Allegheny County but it was not accompanied by a plot showing the courses and distances of the boundaries of the borough before and after the proposed annexation. In this respect there was a failure to comply with the plain mandate of Article IV, section 426 of the above act. Moreover, the ordinance was filed prematurely in the lower court, on the day following its enactment.

So far as the record discloses, the ordinance never became an effective measure because of the failure of the borough council to comply with section 1006 of the General Borough Act as amended, 53 PS 12896, which provides: ". . . it shall be the duty . . . to publish once in one newspaper printed in the county, . . . every . . . ordinance, or other general law, at least ten days before the same shall take effect." There is an averment in this record that no public notice of the ordinance was given by advertisement or otherwise.

A number of freeholders appealed from the ordinance to the lower court, on the authority of section 1010 of the act, as amended, 53 PS 12900, and this appeal has not been disposed of by the lower court. Subsequently one of them, who had joined in the appeal, questioned the jurisdiction of the court in a petition, under the Act of March 5, 1925, P. L. 23, 12 PS 672, 673. The court, on this petition and the answer of the borough, concluded that the quarter sessions did not have jurisdiction of the subject matter, and on that ground, "set aside, reversed and dismissed" the ordinance of annexation and the proceedings thereon. This clearly was error. The quarter sessions has jurisdiction of a variety of annexation proceedings under the General Borough Act including the annexation of adjacent territory by a borough. And to adopt the language of Mr. Justice STERN, in *Versailles Township Annexation Case,* 355 Pa. 646, 50 A. 2d 689, (in disposing of an appeal, identical in principle, under the Third Class City Law) the jurisdiction of the court is not ousted in any of them "merely because it might decide after a hearing . . . that the proceedings were not in conformity with the act and that therefore the appeal should be sustained and the annexation dismissed." On that controlling authority the order in this case must be reversed. Cf. *In re Scottdale Borough Annexation,* 91 Pa. Superior Ct. 1. Appellee's sole remedy is by prosecuting an appeal from the ordinance.

Order reversed.