## Hilbert et al. v. Stephen et al.

*Wardell Steigerwalt*, for plaintiffs.

*Henry L. Snyder*, for defendants.

DIEFENDERFER, J., September 4, 1951.—The present bill in equity was filed August 9, 1951, in behalf of the members of the Board of Supervisors of Salisbury Township, Lehigh County, Pa. Defendants named therein are the officers and members of the Council of Emmaus Borough, Lehigh County, Pa.

On August 6, 1951, the Borough of Emmaus adopted a resolution to the effect that on August 20, 1951, they would consider for adoption the petition of C. Lewis Stryer et al. for the annexation of a portion of the Salisbury Township to Emmaus Borough.

On July 23, 1951, there was filed with the clerk of the Court of Quarter Sessions of Lehigh County, Pa., petitions, duly signed by the required number of qualified electors of Salisbury Township, praying that the question of whether or not Salisbury Township should be constituted a first class township, be submitted to all of the electors of the township at the municipal election to be held November 6, 1951.

The petition in this case averred that if the township is annexed to Emmaus Borough it will work undue hardship and irreparable injury to Salisbury Township.

The court on August 9, 1951, granted a rule to show cause why an injunction should not be issued restraining defendants from considering and adopting any resolution or ordinance pertaining to Emmaus Borough, until after the municipal election to be held November 6, 1951. The case was set down for argument on said rule August 20, 1951. After argument the court is of the opinion that it has no power to grant a preliminary injunction as prayed for.

Under the Act of May 18, 1933, P. L. 818, amended by the Act of June 10, 1947, P. L. 1621, 53 PS §12461, Emmaus Borough has the following powers:

"Any borough may, by ordinance, annex adjacent lands situate in a township of the second class in the same or any adjoining county, upon petition. The petition shall be signed by a majority in number of all of the freeholders of the territory to be annexed."

This act further provides what the procedure shall be after the adoption of the ordinance and, before there is any further discussion, the case of Versailles Township Annexation Case, 161 Pa. Superior Ct. 122, 53 A. (2d) 880, definitely declares:

"The Court of Quarter Sessions has jurisdiction of . . . proceedings . . . including the annexation of adjacent territory by a borough."

Section 1010 of the Borough Code found on page 1678 of the Pamphlet Laws of 1947 unquestionably controls all procedure under the caption, Appeals from Ordinances, as follows:

"Complaint as to the legality of any ordinance or resolution may be made to the court of quarter sessions, upon entering into recognizance with sufficient security to prosecute the same with effect and for the payment of costs, by any person aggrieved, within thirty days after any ordinance or resolution takes effect and the determination and order of the court thereon shall be conclusive. In cases of ordinances effecting annexation of territory or laying out streets over private lands, the court shall have jurisdiction to review the propriety as well as the legality of the ordinance."

It would appear that equity will not step in where the means of relief are designed by statutory provisions. The act of assembly refers to complaints as to the legality of any ordinance or resolution. This court cannot therefore enjoin a borough from pursuing its legal rights of annexation until an election to be held November 6, 1951.

This court furthermore could not usurp or take over the rights of the power of annexation to the borough under the Act of 1933 as amended June 10, 1947. See Irwin Borough Annexation Case (No. 1), 165 Pa. Superior Ct. 119.

The borough has the right to pass a resolution for the purpose of annexing the land. It is a designated authority and a court of equity has no right to assume such a power over and above the designated authority of the borough. The remedy is provided by section 1010 of the Borough Code, as above stated.

And now, September 4, 1951, the rule heretofore granted for preliminary injunction is dismissed.