## Witney *v.* Lebanon City, Appellant.

Argued November 19, 1951. Before DREW, C. J., STERN, STEARNE, LADNER and CHIDSEY, JJ.

*Earl G. Harrison,* with him *Walter C. Graeff, William A. Schnader* and *Schnader, Harrison, Segal & Lewis,* for appellant.

*John H. Bigelow,* with him *Eugene D. Siegrist, Richard L. Bigelow, Jr.,* and *Charles L. Frank,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, January 7, 1952:

This appeal is under the Act of March 5, 1925, P.L. 23, and accordingly is limited to a determination of the question as to whether the court below had jurisdiction of the action. With that restriction in mind it is evident that the ruling of the court below sustaining its jurisdiction must be affirmed.

A contract was entered into between the City of Lebanon, the defendant, and Kingston Contracting Company, the plaintiff, in which it was provided that

plaintiff should furnish all the materials, labor, and equipment and perform all the work required for the construction of a certain reservoir and dam. The work was to be completed within a year; in fact it was not completed for more than two years; plaintiff claims that the delay was caused by the necessity of changing the location of certain parts of the dam due to errors in the drawings and plans which had been prepared by the consulting engineer employed by defendant. After the work was completed plaintiff submitted to defendant for payment various items of alleged damages aggregating approximately $352,000 and representing increased costs and expenses resulting from the changes in the drawings and plans. Defendant referred these claims to the engineer for the preparation of a final estimate of the amount due. The engineer made a finding that plaintiff was entitled only to the sum of approximately $13,000 in addition to what it had already been paid. Plaintiff thereupon brought the present action of assumpsit to recover on its claims which had been thus rejected, alleging in its complaint that the decision of the engineer should be set aside because it was "arbitrary, capricious, and unlawful", that it involved a passing of judgment upon the engineer's own defective work in the selection of the site for the project and in the preparation of the plans and drawings, and that, by reason of personal and financial interest in the determination of plaintiff's claims the engineer was "divested of judicial power and juridical discretion."

Defendant filed preliminary objections to the complaint, praying the court to dismiss the action for lack of jurisdiction because of the fact that the contract between the parties provided that the decisions of the engineer on all claims of either of the parties were to be binding upon them, that the final estimate of the engineer was to be conclusive evidence of the amount

of work performed by plaintiff and was to be taken as the full measure of the compensation to be received by it, and that all questions or disputes between the parties respecting any matter pertaining to the contract and which were not or could not be decided by the engineer should be referred to a board of arbitration consisting of three members, one to be appointed by the plaintiff, one by defendant, and the third to be chosen by the two thus named, this board to decide the question or dispute, all rights or any action at law or in equity under the contract and all matters with relation thereto being expressly waived by the parties. Defendant claimed that the court was without jurisdiction to consider plaintiff's claims unless and until the decision of the engineer was nullified, and that that decision could be attacked only by proceedings in equity. Defendant's preliminary objections also embraced a motion for more specific pleading, and a demurrer to the complaint on the ground that it was insufficient in law and did not state a valid cause of action. Since, however, as already stated, we can consider on this appeal only the matter of jurisdiction, the correctness of the decree of the court below (which dismissed *all* the preliminary objections) is now subject to our review only on that one question.

It is clear, this being a suit in assumpsit on a contract, that the court had jurisdiction of the subject matter. Even if it should ultimately be decided that plaintiff's action cannot be maintained because the final estimate of the engineer was, under the terms of the contract, to be conclusive, the question of jurisdiction would not be affected thereby. In *Zerbe Township School District v. Thomas,* 353 Pa. 162, 44 A.2d 566, we stated principles which are here applicable, namely that even though a plaintiff have no standing to bring his action, even though his complaint be demurrable, even though he fail to establish its allegations, even

though the court should finally conclude that the relief he seeks should not be granted, not any or all of these circumstances would enter into, much less determine, the question whether the court had jurisdiction of the litigation. We there pointed out that the test of jurisdiction was the competency of the court to determine controversies of *the general class* to which the case presented for its consideration belonged,—whether the court had power to *enter upon the inquiry*, not whether it might ultimately decide that it was unable to grant the relief sought *in the particular case;* that the Act of 1925 was not intended to furnish a short cut to a determination of the issues of law or fact raised by the pleadings and that it was not concerned with matters going to the right of the plaintiff to *recover* on his cause of action but only with his right to have his cause of action *heard and determined.* In support of those principles many decisions of our appellate courts were cited, and a host of later authorities[1] has since been added to the long list there set forth.

---

[1] *Hellertown Borough Referendum Case,* 354 Pa. 255, 259, 260, 47 A. 2d 273, 276; *Bell Telephone Co. of Pennsylvania v. Philadelphia Warwick Co.,* 355 Pa. 637, 641-644, 50 A. 2d 684, 686-688; *Versailles Township Annexation Case,* 355 Pa. 646, 649, 50 A. 2d 689, 690; *Upholsterers' International Union of North America v. United Furniture Workers of America, C. I. O.,* 356 Pa. 469, 472, 473, 52 A. 2d 217, 219; *DeWaele v. Metropolitan Life Insurance Co.,* 358 Pa. 574, 581, 58 A. 2d 34, 38; *Zlotziver v. Zlotziver,* 359 Pa. 84, 58 A. 2d 334; *Downing v. Erie City School District,* 360 Pa. 29, 33, 61 A. 2d 133, 135; *Escheat of $92,800,* 361 Pa. 51, 59, 62 A. 2d 900, 904; *Reading & Southwestern Street Rwy. Co. v. Reading Street Rwy. Co.,* 361 Pa. 647, 648, 66 A. 2d 260, 261; *Commonwealth ex rel. Shumaker v. New York & Pennsylvania Co., Inc.,* 367 Pa. 40, 45, 46, 79 A. 2d 439, 443; *Specktor v. Specktor,* 158 Pa. Superior Ct. 323, 325, 44 A. 2d 767, 768; *Masefield v. Masefield,* 159 Pa. Superior Ct. 6, 46 A. 2d 329; *Meetish Liquor License Case,* 161 Pa. Superior Ct. 468, 55 A. 2d 770; *Barraclough v. Barraclough,* 167 Pa. Superior Ct. 608, 76 A. 2d 504.

Defendant contends that if the decision of the engineer is to be attacked by plaintiff it must be by a proceeding in equity and not by an action at law, but such a contention, even if valid, has no place in the determination of the question of jurisdiction. Section 4 of the Act of 1925 provides that "The right of appeal here conferred is not intended to cover questions of jurisdiction which go to the form of the action alone as between law and equity, . . ." [2] (See *Rutherford Water Co. v. Harrisburg*, 297 Pa. 33, 37, 146 A. 113, 114; *Conemaugh Iron Works Co. v. Delano Coal Co.*, 298 Pa. 182, 187, 148 A. 94, 96; *Stone v. New Schiller B. & L. Assn.*, 310 Pa. 196, 200, 165 A. 12, 13). Defendant suggests that possibly plaintiff's remedy, if it wishes to challenge the engineer's award, is to proceed under the Arbitration Act of April 25, 1927, P.L. 381; (citing *Seaboard Surety Co. v. Commonwealth*, 345 Pa. 147, 27 A.2d 27). Even were that so, however, and the present action were to be dismissed, such a decision would not bear upon the jurisdiction of the court. Nor are the cases in point upon which defendant relies, namely, *Kaufman Construction Co. v. Holcomb*, 357 Pa. 514, 55 A.2d 534, and *Glen Alden Coal Co. v. State Tax Equalization Board*, 367 Pa. 63, 79 A.2d 645. In the *Kaufman* case a statute provided that no appeal should lie from a decision of the Board of Arbitration of Claims; therefore the court had no jurisdiction over *the class of cases* cognizable by that Board. Likewise in the *Glen Alden Coal Company* case the statute provided that the findings of the State Tax Equalization Board should be final,—in other words, appeals therefrom in that *class of cases* was prohibited. In the instant case the court has jurisdiction over the *class of actions* of which the present suit is one, even though as to this

---

[2] This section of the act was not suspended by Pa. R. C. P. 1451 (b) (7).

314

one it may ultimately be decided that plaintiff is not entitled thereunder to the relief which it seeks.

The decree is affirmed so far as it relates to the jurisdiction of the court; costs to abide the event.