393 A.2d 917

**WOODWARD HEATING & AIR CONDITIONING COMPANY, an Ohio Corporation, and Mellon-Stuart Company, a Pennsylvania Corporation, Appellants,**

v.

**AMERICAN ARBITRATION ASSN., a non-profit corporation of the State of Pennsylvania, City of Sharon School District and Sharon School Building Authority, a municipal authority.**

Superior Court of Pennsylvania.

Argued Nov. 16, 1977.

Decided Oct. 25, 1978.

Charles C. Arensberg, Pittsburgh, for appellants.

William G. McConnell, Sharon, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

In November 1975 appellees filed a demand for arbitration with the American Arbitration Association, alleging that appellants had failed to comply with the terms of a 1967 construction agreement. Appellants responded by filing suit in Allegheny County to enjoin the arbitration. Appellees

filed preliminary objections, requesting a change of venue and challenging the court's jurisdiction. A change of venue was granted, and the suit was transferred to Mercer County. On December 22, 1976, the court there sustained the preliminary objection challenging jurisdiction, and dismissed the complaint. This appeal is from that order.[1]

–1–

In *Witney v. Lebanon City,* 369 Pa. 308, 311–12, 85 A.2d 106, 108 (1952), the Supreme Court explained how to decide whether a court has jurisdiction:

> In *Zerbe Township School District v. Thomas,* 353 Pa. 162, 44 A.2d 566, we stated principles which are here applicable, namely that even though a plaintiff have no standing to bring his action, even though his complaint be demurrable, even though he fail to establish its allegations, even though the court should finally conclude that the relief he seeks should not be granted, not any or all of these circumstances would enter into, much less determine, the question whether the court had jurisdiction of the litigation. We there pointed out that the test of jurisdiction was the competency of the court to determine controversies of *the general class* to which the case presented for its consideration belonged,—whether the court had power to *enter upon the inquiry,* not whether it might ultimately decide that it was unable to grant the relief sought *in the particular case;* that the Act of 1925 was not intended to furnish a short cut to a determination of the issues of law or fact raised by the pleadings and that it was not concerned with matters going to the right of the plaintiff to *recover* on his cause of action but only with his right to have his cause of action *heard and determined.*

■ The application of this test has resulted in it being consistently held that an arbitration clause in a contract does not affect the court's jurisdiction. For example, in

1. The Act of March 5, 1925, P.L. 23, § 1, 12 P.S. § 672, provides for appellate review of a lower court's order sustaining a preliminary objection challenging jurisdiction. *See Wechsler v. Newman,* 256 Pa.Super. 81, 389 A.2d 611 (1978) (collecting cases).

*Chester School Authority v. Aberthaw Const.*, 460 Pa. 343, 348–49, 333 A.2d 758, 761 (1975), the Court said:

> In *Borough of Ambridge Water Authority v. J. Z. Columbia,* 458 Pa. 546, 328 A.2d 498 (1974), we noted that an agreement to arbitrate is an election by the parties to select another forum to resolve disputes. While it is binding on the signators to that agreement, this private agreement by the parties does not have the power to divest the court of jurisdiction.

*And see Wechsler v. Newman,* 256 Pa.Super. 81, 389 A.2d 611 (1978).

Accordingly, the lower court erred in holding that it did not have jurisdiction.

–2–

■ The foregoing conclusion, however, does not end our inquiry; if the lower court was correct, for some other reason than jurisdictional, in dismissing appellants' complaint, we may affirm. *See Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975); *Gilbert v. Korvette, Inc.,* 457 Pa. 602, 327 A.2d 94 (1974).

■ Once it is determined that the parties have agreed to arbitrate, the issue becomes "whether the dispute in question f[alls] within the purview of the submission. *Women's SPCA v. Savage,* 440 Pa. 34, 269 A.2d 888 (1970); *Westmoreland Hospital Association v. Westmoreland Construction Company,* 423 Pa. 255, 223 A.2d 681 (1966); *Philadelphia Marine Trade Association v. Longshoremen's Association, Local 1291,* 382 Pa. 326, 115 A.2d 733 (1955); *but see, Washington Arbitration Case,* 436 Pa. 168, 259 A.2d 437 (1969) (where it was held an arbitration panel exceeded its authority." *Borough of Ambridge Water Authority v. Columbia,* 458 Pa. 546, at 551, 328 A.2d 498, at 501 (1974).

The following paragraphs of the parties' agreement are pertinent to deciding whether the dispute in question here falls within the submission. Paragraph 4.5.1 of the agreement provides:

## 4.5 WARRANTY

**4.5.1** The Contractor warrants to the Owner and the Architect that all materials and equipment furnished under this Contract will be new unless otherwise specified and that all Work will be of good quality, free from faults and defects and in conformance with the Contract Documents. All Work not so conforming to these standards may be considered defective. If required by the Architect, the Contractor shall furnish satisfactory evidence as to the kind and quality of materials and equipment.

Appellees alleged in their demand for arbitration that the roof is blistered, and that the blistering is a defect in the construction of the building. Paragraph 7.10.1 of the agreement provides:

## 7.10 ARBITRATION

**7.10.1** All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, except as set forth in Subparagraph 2.2.9 with respect to the Architect's decisions on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided by Subparagraphs 9.7.5 and 9.7.6, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

The waiver provided by subparagraph 9.7.5 is as follows:

**9.7.5** The making of final payment shall constitute a waiver of all claims by the Owner *except* those arising from:

.1 unsettled liens,

.2 *faulty or defective Work appearing after Substantial Completion,*

.3 failure of the Work to comply with the requirements of the Contract Documents, or

.4 terms of any special guarantees required by the Contract Documents.

(Emphasis added.)

Appellants alleged in their preliminary objections that the dispute is not arbitrable because:

(a) The dispute is not a dispute arising out of the above mentioned construction contract and the general conditions of the contract for construction and within its terms and therefore is not arbitrable.

(b) The architect as contemplated in the contract between plaintiff Mellon-Stuart and defendant Authority never passed on the condition of the roof or made any decision on account of which arbitration would lie.

(c) Although the architect prepared its certificate of substantial completion such certificate did not contain any reference to any defect in the roof installed by plaintiff.

(d) The demand for arbitration has not been made within a reasonable time after the dispute arose.

(e) The claim of defendant Authority is in any event barred by the Statute of Limitations.

(g) The claim of defendant Authority is in any event barred by laches having been made more than six (6) years subsequent to the installation of the roof by plaintiff.

(h) The matter is one of artistic or cosmetic effect on which the architect's decision is final and from which there is no arbitration.[2]

▮▮▮ Paragraphs (a) and (h) of these objections are frivolous.[3] The other paragraphs raise factual disputes that

---

**2.** Appellant's preliminary objections did not contain any paragraph (f).

**3.** It may also be noted that paragraph 2.2.9 of the agreement provides that the "Architect's decision in matters relating to artistic effect will be final *if* consistent with the intent of the Contract Documents." (Emphasis added.)

must be resolved by the arbitrators.[4]  In *Borough of Ambridge Water Authority v. Columbia, supra* at 551–52, 328 A.2d at 501, the Court dealt with a contention similar to appellants', as follows:

> Where, as here, there is an unlimited arbitration clause, any dispute which may arise between the parties concerning the principal contract is to be settled pursuant to its terms.  6 Williston On Contracts (Revised Edition) § 1924.  This concept was well stated by the late Mr. Justice Musmanno speaking for the Court in *Wyoming Radio v. National Association of Broadcast Employees & Technicians, supra* [398 Pa. 183] at 187, 157 A.2d [366] at 367: "It cannot be doubted that a legitimate dispute arose between the company and the union, and it is equally unquestioned that the dispute was not settled.  It is not now within the province of the Company to determine whether the dispute should or should not be arbitrated.  There is no limitation in the contract as to the nature of the dispute which shall be cognizable by arbitration.  The person who offers carte blanche to another to enter the temple of arbitration may not later on impose restrictions as to the type of clothing the other person shall wear when he presents himself at the doors of the temple."

The order of the lower court dismissing the complaint is affirmed.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

---

4.  With respect to paragraph (e): It has been held that whether a claim is barred by the statute of limitations should be determined by arbitration.  *See Merchants Mutual Ins. Co. v. American Arbitration Assoc. & Di Umberto,* 433 Pa. 250, 248 A.2d 842 (1969).