## Crown American Corp. v. Morgan's Restaurants, Inc.

*P. Raymond Bartholomew*, for plaintiff.
*Robert L. Lackey*, for defendant.

STRANAHAN, *P.J.*, July 21, 1982—This matter comes before the court on a petition to stay proceedings. Defendant-lessee contends that the dispute arising from the alleged breach of a contract for the lease of property is within the scope of the arbitration clause in the lease. Plaintiff-lessor, in contesting the stay, contends that the dispute is outside the ambit of the arbitration clause. Alternatively, it is argued that the clause is inapplicable because the lease is terminated, or that defendant's delay in requesting arbitration has resulted in a waiver. We disagree and grant the stay.

The arbitration clause in question reads as follows:

Any dispute between Lessor and Lessee arising in

connection with this lease shall be submitted to arbitration in accordance with the rules of the American Arbitration Association, and any determination made in such arbitration or arbitrations shall be binding upon all of the parties hereto, their successors and assigns. (Article XXXVII of lease.)

Plaintiff's principal contention is that the disputes resulting from the defenses raised by defendant are outside the scope of the clause. Among other defenses, defendant alleges that plaintiff unreasonably withheld consent for a sublease when several prospective tenants expressed interest. Defendant also raises mitigation of damages. The question for this court is whether the disputing questions fall within the purview of the arbitration clause: Woodward Heating and Air Conditioning Company v. American Arbitration Association, 259 Pa. Super. 460, 393 A. 2d 917 (1978); Waddell v. Shriber, 465 Pa. 20, 348 A. 2d 96 (1975).

A review of the wording of the clause in the case at bar reveals the intention of the parties to have *any* disputes arising in connection with the lease settled by arbitration. Plaintiff's argument that the clause applies only to "interpretation disputes" is without merit. In fact, a more totally encompassing arbitration provision than the one at issue is difficult to conceive.

There is little question that, when applicable, the appellate courts of Pennsylvania have favored the submission of disputes to arbitration. Furthermore, when such broad wording is used in the clause, the intent of the parties is clear. "Where, as here, there is an unlimited arbitration clause, any dispute which may arise between the parties concerning the principal contract is to be settled pursuant to its terms: Borough of Ambridge Water Authority v. Colombia, 458 Pa. 546, 328 A. 2d 498, 501 (1974).

Plaintiff next argues that the arbitration clause is inapplicable because the contract was "terminated" upon the alleged breach by defendant. Although plaintiff cites Westmoreland Hospital Association v. Westmoreland Construction Company, 423 Pa. 255, 223 A. 2d 681 (1966), which held an arbitration provision inapplicable after the contract had been completed *according to its terms,*\* it is our opinion that the issue is controlled by the later Pennsylvania Supreme Court case of Waddell v. Shriber, supra. The Waddell case states:

. . . . when the parties to a contract have included a broad arbitration provision, disputes arising from the contractual relationships must, at the request of one of the parties, be submitted to arbitration *even if the dispute arose after the contract had been terminated:* Waddell v. Shriber, supra, at p. 101. (Emphasis added.)

In reliance on the Waddell decision, we hold that the applicability of the arbitration clause is unaffected by whether or not the lease was terminated.

Plaintiff also contends that defendant waived his right to arbitration by not demanding arbitration earlier. Without unnecessarily delving deeply into the factual intricacies of the case, we must point out that the record indicates that amicable negotiations were ongoing and therefore it is likely that defendant, foreseeing an amicable settlement, did not perceive a need to request arbitration. Additionally, a question of whether a demand for arbitration was made within a reasonable time is, itself,

---

\*A provision in the arbitration clause at issue in the Westmoreland Hospital case required any demand for arbitration to be made before the date of the final payment under the contract. This further distinguishes the Westmoreland Hospital case from the case at bar.

a question to be determined by arbitration: Woodward Heating and Air Conditioning v. American Arbitration Association, supra.

Finally, we hold that the petition to stay is timely, noting that defendant raised the issue previously before this court in a petition to open judgment. The matter was disposed of on other grounds making a determination on the aribtration issue unnecessary.

For these reasons and in conjunction with the foregoing opinion, we enter the following

## ORDER

And now, July 21, 1982, defendant's petition to stay all court proceedings pending submission of the case to arbitration is granted.