## Wilk v. Ravin

C.P. of Allegheny County, no. AR99-5550.

*Paul A. Manion,* for plaintiff.
*Cheryl L. Cindrich,* for defendant.

WETTICK, *J.,* June 1, 2000—The issue that this opinion addresses is whether the waiver provisions of Pa.R.C.P. 1032 bar a party that has filed preliminary objections or an answer to the plaintiff's complaint, which does not include the defense of an agreement to arbitrate, from later filing a petition to compel statutory or common-law arbitration. The issue arises because a 1991 amendment to Pa.R.C.P. 1028 added an agreement for alternative dispute resolution as a ground for which a preliminary objection may be filed. The parties did not cite and our office is not aware of any case law that has directly addressed this issue.

On September 10, 1999, plaintiff filed a complaint to recover money allegedly due for work plaintiff performed as a subcontractor for defendant. On October 6, 1999, defendant filed an answer and new matter which addressed the merits of plaintiff's complaint.

The subject of this opinion and order of court is a "petition to dismiss for lack of subject matter jurisdiction" which defendant filed on December 8, 1999. The peti-

tion avers that this lawsuit is based on a contract which contains an arbitration clause.

Both parties recognize that an arbitration clause does not deprive this court of subject matter jurisdiction. See *Wechsler v. Newman,* 256 Pa. Super. 81, 86, 389 A.2d 611, 614 (1978). Thus, I am treating the petition to dismiss as a petition to compel arbitration filed pursuant to 42 Pa.C.S. §7304(a), which provides that a court shall order the parties to proceed to arbitration on application to a court to compel arbitration made by a party showing an agreement to arbitrate.

Plaintiff contends that defendant's petition to compel arbitration must be dismissed because it was not filed until after defendant had filed pleadings that addressed the merits of plaintiff's complaint. Defendant contends that the petition to compel arbitration must be granted unless plaintiff can establish that it was prejudiced by the late filing. See generally, *St. Clair Area School District Board of Education v. E.I. Associates,* 733 A.2d 677, 682 n.6 (Pa. Commw. 1999); *Goral v. Fox Ridge Inc.,* 453 Pa. Super. 316, 323-24, 683 A.2d 931, 934 (1996).

Prior to 1992, a party could enforce an arbitration agreement only by filing a petition to compel arbitration pursuant to the legislation governing common-law and statutory arbitration. See 42 Pa.C.S. §§7304, 7342(a).[1]

---

1. An arbitration clause is not an affirmative defense because it does not relate to the merits of a plaintiff's claim. Pa.R.C.P. 1030's reference to "arbitration and award" covers the situation in which the defendant claims that the complaint should be dismissed because of a statutory or common-law arbitration award addressing the same subject matter. *Teodori v. Penn Hills School District Authority,* 413 Pa. 127, 134, 196 A.2d 306, 310 (1964); but see *Samuel J. Marranca*

Since this procedure was outside the scope of the Rules of Civil Procedure and since the legislation did not set forth a time period for the filing of a petition to compel arbitration, courts utilized a prejudice standard.

Through amendments to the Rules of Civil Procedure governing preliminary objections, effective January 1, 1992, an agreement for an alternative dispute resolution may now also be raised by preliminary objection. Pa.R.C.P. 1028(a)(6). With certain exceptions not relevant here, any defense that can be raised by preliminary objection is waived if not raised. See Pa.R.C.P. 1032(a), which provides that a party "waives all defenses and objections which are not presented either by preliminary objection, answer or reply." Thus, rights under an agreement to arbitrate are waived if not asserted prior to the filing of an answer to the complaint.

A reading of Rule 1028(a)(6) and Rule 1032(a) in this fashion is not inconsistent with the note to Rule 1028(6) which reads as follows:

"An agreement to arbitrate may be asserted by preliminary objection or by petition to compel arbitration pursuant to the Uniform Arbitration Act, 42 Pa.C.S. §7304, or the common law, 42 Pa.C.S. §7342(a)."

A party to an agreement that includes an arbitration clause should not have to raise in judicial proceedings any objections or defenses to a lawsuit. Since all preliminary objections must be raised at one time (Rule

---

*General Contracting Co. Inc. v. Amerimar Cherry Hill Associates Limited Partnership,* 416 Pa. Super. 45, 49-50, 610 A.2d 499, 501 (1992).

1028(b)), a requirement that an arbitration clause be raised only through preliminary objections would be inconsistent with this principle that a party to an agreement to arbitrate should not be required to participate in court proceedings for any purpose other than to obtain a court order enforcing the arbitration clause. Consequently, Rule 1028(a)(6) did not abolish the option of asserting an agreement for alternative dispute resolution through section 7304(a) or section 7342(a), because the availability of this statutory procedure permits the defendant to request the court to address a request to compel arbitration without the necessity of raising other objections to the complaint enumerated in Rule 1028, or filing an answer and new matter which addresses the merits of the plaintiff's complaint. If a defendant does not choose to use this statutory option but, instead, chooses to file preliminary objections or an answer and new matter that does not refer to an arbitration agreement, there is no reason why the waiver provisions of Rule 1032 should not apply.[2]

The purpose of the provision of Rule 1032, which provides for the waiver of all defenses and objections that may be presented through preliminary objection, is to prohibit objections or defenses that are peripheral to the

---

2. Prejudice has never been a standard where Rules of Civil Procedure provide for a waiver if matters are not timely raised. See *e.g., Jones v. Van Norman,* 513 Pa. 572, 584, 522 A.2d 503, 509 (1987) ("considerations of prejudice to the other side play no part in enforcing a waiver of a jury trial where the provisions of Rule 1007.1(a) have not been met").

merits of the claim from being raised at a later time. A preliminary objection based on an agreement for alternative dispute resolution is analogous to one based on a lack of jurisdiction over the person because both grounds involve objections to the consideration of the merits of the complaint by the court in which the lawsuit was filed. The defendant who chooses to file an answer and new matter which addresses the merits of the complaint cannot later request the court to refrain from considering the merits of the complaint on the ground of lack of jurisdiction over the person. See *Yentzer v. Taylor Wine Company Inc.,* 409 Pa. 338, 342, 186 A.2d 396, 398 (1962), where the court ruled that Rule 1032 provides for a waiver of objections to jurisdiction over the person if the lack of jurisdiction is not raised through an initial preliminary objection to the complaint because:

"The salutary and main purpose of the rules is to reduce the number of dilatory steps (so prevalent and perfectly proper under prior existing rules of procedure), which the defendant may now take advantage of prior to filing an answer on the merits of the action and thus expedite the reasonable disposition of the litigation."

For these reasons, I enter an order of court denying defendant's request that I compel arbitration.

## ORDER

On June 1, 2000, it is hereby ordered that defendant's request that I compel arbitration and stay these proceedings is denied. Compulsory arbitration hearing will be held on September 20, 2000 at 9 a.m. in room 523 of the courthouse.